UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL G. GILMORE and
THOMAS BOUCHER, individually and
on behalf of all others similarly situated,

    Plaintiffs,

v.

    Case No. 07-12123
    Hon. Gerald E. Rosen

FIRST AMERICAN TITLE INSURANCE
COMPANY,

    Defendant.
_____/

ORDER GRANTING FIRST AMERICAN TITLE INSURANCE COMPANY'S
MOTION FOR PROTECTIVE ORDER

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 14, 2010

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

This matter is presently before the Court on Defendant First American Title Insurance Company's January 5, 2009 Motion for a Protective Order staying First American's obligations to respond to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents until both (1) First American's Motion to Transfer (Dkt. # 41) and (2) the Motion to Intervene filed by Plaintiff, Thomas Boucher, in another action, Lewis v. First American Title Insurance Co., No. 06-00478 (D. Idaho), are resolved. Both First American and Boucher have filed motions seeking adjudication of Boucher's claims in forums other than this Court. On November 17, 2009, Daniel

Gilmore, the only Michigan plaintiff in this action, voluntarily dismissed his claims. (Dkt. # 40.)  Thereafter, First American moved to transfer this action to the Western District of Washington, the state where the sole remaining plaintiff, Thomas Boucher, resides, where his property is located, and where, according to First American, relevant documents and witnesses can be found. (Dkt. # 41.)  On December 22, 2009, Boucher filed a proposed Class Action Complaint and a motion to intervene in a pending class action in the United States District Court in Idaho, Lewis.  In his motion to intervene, Boucher stated that "because the Michigan-based plaintiff in that action [i.e., Gilmore] has decided to voluntarily dismiss his claims and is thus no longer able to represent the Michigan class, the Bouchers' claims are more appropriately suited in this Court's venue [i.e., Idaho]."  (Def. Mot. for Protective Order Ex. D at 4.)  On the same day, Boucher served a Second Set of Interrogatories and a Second Request for Production of Documents on First American.  Through the present motion, First American argues that discovery should be stayed pending the outcomes of the competing transfer and intervention motions, as either motion may result in this action—to the extent that it is not abandoned by Boucher—no longer being adjudicated in this Court.  Moreover, First American maintains that the written discovery requests served by Boucher are duplicative of Boucher's first discovery requests to which First American has already responded.

  Having reviewed Plaintiff's motion, brief and supporting documents, the Court has determined that Defendant's motion should be granted.  A district court has broad discretion to stay discovery.  Gettings v. Building Laborers Local 310 Fringe Benefits

Fund, 349 F.3d 300, 304-05 (6th Cir. 2003); Donnelly Corp. v. Guardian Indus. Corp., 2007 U.S. Dist. LEXIS 78055, at *8 (E.D. Mich. Oct. 22, 2007) ("'Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'") (quoting Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)).

For all of the foregoing reasons,

IT IS HEREBY ORDERED that First American Title Insurance Company's Motion for Protective Order (Dkt. #44) is GRANTED.  All discovery in this action is accordingly STAYED until both (1) First American's Motion to Transfer (Dkt. # 41) and (2) the Motion to Intervene filed by Boucher in Lewis, are resolved.

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 14, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 14, 2010, by electronic and/or ordinary mail.

s/Ruth A. Brissaud
Case Manager
(313) 234-5137